**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:26-cr-6 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| VINCENT LEWIS JOHNSTON, | : | |
| Defendant. | : | |

---

**ORDER DENYING DEFENDANT'S**
**MOTION FOR PRETRIAL RELEASE (Doc. 26)**

---

This matter is before the Court on Defendant's Motion for Pretrial Release (Doc. 26). The Government filed a Response in Opposition (Doc. 27). Additionally, the Pretrial Services Report (Doc. 17) and Detention Hearing Transcript (Doc. 28) have been placed on the record. This matter is therefore ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant's Motion for Pretrial Release (Doc. 26).

## BACKGROUND

On January 22, 2026, Defendant Vincent Lewis Johnston was indicted for Attempt to Possess with Intent to Distribute Methamphetamine. (Indictment, Doc. 8, Pg. ID 9.) Upon motion from the Government, Magistrate Judge Norah McCann King ordered Defendant detained pending further proceedings in this matter. (4/13/2026 Minute Entry; Detention Order, Doc. 18; Transcript, Doc. 28, Pg. ID 77.) Specifically, the Magistrate Judge found that Defendant had failed to rebut the presumption of detention

for this drug offense and that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (Detention Order, Doc. 18, Pg. ID 28-30.) Defendant has since moved to reverse this detention decision. (Motion, Doc. 26.) The Government opposes this request. (Response, Doc. 27.)

**LAW AND ANALYSIS**

A defendant ordered detained by a magistrate judge may seek review of the decision pursuant to 18 U.S.C. § 3145(b). The district court then reviews the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129-30 (S.D. Ohio 2000). Neither party has requested a hearing on this matter. The Court has reviewed the record, including the Detention Hearing Transcript (Doc. 28), and does not find another hearing to be necessary. *See United States v. Hughes*, 668 F. Supp. 3d 744, 747 (S.D. Ohio 2023) (citing *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020)).

Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Where, as here, a defendant has been charged with an enumerated drug offense triggering a statutory maximum of at least ten years of imprisonment, there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant can overcome this presumption by providing "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945.

Defendant seeks pretrial release for several reasons: (1) he is less culpable than his co-defendants; (2) the Magistrate Judge erred by finding that the evidence against him supported detention; (3) he does not have a significant criminal history; (4) the charges do not involve allegations concerning guns or violence; and (5) he has strong family ties to the community and is residentially stable. (Motion, Doc. 26, Pg. ID 64-65.) The Government counters that these arguments fail to rebut the presumption of detention in this case. (Response, Doc. 27, Pg. ID 68-69.) Given that Defendant's burden of producing "at least some evidence" is not heavy, the Court assumes arguendo that the presumption has been rebutted. *See Stone,* 608 F.3d at 945. Nevertheless, the presumption favoring detention "remains a factor to be considered among those weighed by the district court." *Id.* (quotation omitted).

Ultimately, it is the Government's burden to "prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone,* 608 F.3d at 946. "The [G]overnment must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). In making a detention determination, the Court considers four factors:

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the defendant;

(3) The history and characteristics of the defendant; and

(4) The nature and seriousness of the danger to any person or the community.

*See* 18 U.S.C. § 3142(g). Upon review, the Court finds that the factors favor detention in this matter.

### I. The Nature and Circumstances of the Offense

The Court first considers "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance." 18 U.S.C. § 3142(g)(1). Defendant is charged with Attempt to Possess with Intent to Distribute Methamphetamine. (Indictment, Doc. 8.) "Congress has determined that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) (quotation omitted); *United States v. Marcrum*, 953 F. Supp. 2d 877, 883 (W.D. Tenn. 2013). Not only does this charge carry a presumption of detention, but it also provides for a lengthy term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (setting a mandatory minimum of ten years and up to life imprisonment). Significant penalties like these also "provide a strong incentive to flee." *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020). Accordingly, the nature and circumstances of the offense strongly support detention.

### II. The Weight of the Evidence

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of a defendant's guilt. *Stone*, 608 F.3d at 948; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The Government has asserted that there were two boxes of methamphetamine in the vehicle that Defendant was riding in when law enforcement executed a traffic stop. (Response, Doc. 27, Pg. ID 69-70; Transcript, Doc. 28, Pg. ID 78.) According to the Government, Defendant's phone also contained messages

using slang terminology for methamphetamine. (Response, Doc. 27, Pg. ID 70.) Moreover, the Government posits that—following Defendant's May 1, 2025, arrest—Defendant was found in a residence along with a baggie of methamphetamine and drug paraphernalia. (*Id.*; Transcript, Doc. 28, Pg. ID 81.) The Court looks to the evidence of Defendant's dangerousness. A sustained intent to distribute a controlled substance of this nature threatens the community and evinces Defendant's dangerousness. *See Marcrum*, 953 F. Supp. 2d at 883. Thus, the weight of the evidence supports detention.

### III. The History and Characteristics of Defendant

The third factor involves weighing "the history and characteristics of the person," including his family ties, employment, community ties, length of residence in the community, past conduct, and criminal history. 18 U.S.C. § 3142(g)(3). Defendant reported that he is the father of four children and is not married. (Pretrial Services Report, Doc. 17, Pg. ID 21.) He holds some family ties to the area, as well as a work history. (*Id.*) However, Defendant has an extensive criminal history that includes convictions for operating a vehicle impaired, tampering with evidence, resisting arrest, drug trafficking, and other drug-related crimes. (*Id.* at Pg. ID 22-24.) Notably, Defendant has accumulated seventeen failures to appear, which speaks volumes as to his flight risk. (*Id.* at Pg. ID 24.) Therefore, Defendant's history and characteristics collectively support detention. *See United States v. Moore*, No. 20-3497, 2020 WL 6580481, at *2 (6th Cir. July 8, 2020) (explaining that the defendant was likely a danger to the community and a flight risk due to "his history of multiple violations of supervised release, propensity to reoffend, and prior failures to appear").

### IV. The Danger to the Community

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As explained, Defendant has amassed a serious criminal history and now faces a significant drug-related charge. *See Lattner*, 23 F. App'x at 364. Tellingly, the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Stone*, 608 F.3d at 947 n.6 (collecting cases). This holds true whether or not the co-defendants are arguably even more dangerous or culpable. (*See* Motion, Doc. 26, Pg. ID 64; Response, Doc. 27, Pg. ID 68.) Accordingly, the Court finds that Defendant poses a danger to the community.

Together, the 18 U.S.C. § 3142(g) factors support detaining Defendant on dangerousness and flight-risk grounds. The Court is unpersuaded by Defendant's arguments to the contrary. (*See* Motion, Doc. 26, Pg. ID 64-65.)

## CONCLUSION

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the appearance of Defendant or the safety of the community. Accordingly, Defendant's Motion for Pretrial Release (Doc. 26) is **DENIED**. Defendant **SHALL REMAIN DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND